## DIXON v. BROPHEY.

1. **Default: PRACTICE.** An oral agreement between parties to delay or postpone the trial of a cause to a day beyond that set for trial, which is not communicated to the court whose action it is intended to govern, will be treated with but little favor in an application by the defendant to set aside a default.

2. **Justice of the peace: JUDGMENT ON APPEAL.** Upon appeal to the circuit court from a judgment of a justice of the peace, that court may upon the reversal of a judgment of a justice, render final judgment instead of remanding the cause to the justice.

3. **Writ of error: AFFIDAVIT BY ATTORNEY: JUSTICE OF THE PEACE.** The affidavit for the writ of error in the proceedings of a justice of the peace may be made by an attorney of a party applying therefor, who is acquainted with the facts.

4. —— It is not necessary that the affidavit for a writ of error to the action of a justice in setting aside a default should show that the plaintiff resisted the motion to set aside, or that he did not consent thereto, or that he excepted to the action of the justice, or that he applied to the justice to correct the error complained of.

*Appeal from Boone County Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION commenced before a justice of the peace. The defendant made application for a change of venue which was granted, and the cause was sent to an other justice, who, after waiting one hour from the time the papers were received by him proceeded to hear the cause and rendered judgment for plaintiff. Defendant made a motion before the justice to set aside the judgment, which was overruled. A subsequent motion of the same character was made and sustained and a new trial ordered, of which notice was served on plaintiff. Thereupon plaintiff removed the case to the circuit court upon writ of error. The decision of the justice setting aside the judgment

was reversed, and judgment entered for the amount of the judgment rendered by him.   Defendant appeals.

*Phillips & Phillips* for the appellant.

*Mitchell & Kidder* for the appellee.

BECK, J.—I. The judgment was improperly set aside by the justice.   The defendant did not show a satisfactory excuse for his default.   It is based upon an

1. DEFAULT: practice.

alleged understanding between the parties to delay the time to a future day.   This understanding was not communicated to the justice, and is not very satisfactorily established or clearly stated in defendant's affidavit. Agreements of this character made orally and not communicated to the court, whose action they are intended to govern should be treated with little favor.

II. The circuit court rendered judgment against defendant for the amount found due by the judg-

1. JUSTICE OF THE PEACE: judgment on appeal.

ment of the justice.   This it authorized by Revision, section 3944.

III. A motion to quash the writ of error made by defendant was overruled.   The first ground of the motion

3. WRIT OF ERROR: affidavit by attorney: justice of the peace

is that the affidavit for the writ was not sworn to by plaintiff, but by his attorney.   It is not necessary that the party asking for the writ make the affidavit.   The affidavit shows that the attorney was sufficiently acquainted with the facts to enable him to make the necessary statement.

The second ground of the motion is, that the affidavit does not show plaintiff resisted the motion to set aside the judgment, or excepted to the same, or that he did not appear and consent thereto.   The first two of these objections suggest acts that were quite unnecessary in order to enable plaintiff to correct the error of the justice.   As the judgment could have been set aside

without notice to plaintiff (*Stivers* v. *Thompson*, 15 Iowa, 2,) it will not be presumed that he was notified of the motion, or was present when the order was made. As to the last of these three objections, it will not be presumed that plaintiff did consent to setting aside the judgment : the averment that he did not is unnecessary.

The third and last grounds of the motion are : 1. That the affidavit does not show that plaintiff is aggrieved by the error of the justice. This is very apparent without any averment of that kind in the affidavit. 2. That it is not shown plaintiff applied to the justice to correct the error complained of. This is quite as unnecessary as the other matters which the motion suggests and makes the foundation of objection.

The foregoing views sufficiently answer all the objections raised by appellant.

Affirmed.